No. 32,976

THE CITY OF LEAVENWORTH, *Appellant*, v. EARL A. HATHORN and
FIDELITY & DEPOSIT COMPANY OF MARYLAND, *Appellees.*

(58 P. 2d 1162)

Opinion filed July 3, 1936.

*Malcolm McNaughton,* of Leavenworth, for the appellant.

*Lee Bond, James B. Kelsey,* both of Leavenworth, and *R. Shedrick Meek,* of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action by the city to recover from its secretary of waterworks, and the surety on his bond, money alleged to have been collected by him and not paid to the city treasurer. It was argued with the case just decided (*City of Leavenworth v. Hathorn*), ante p. 340, 58 P. 2d 1060, and presents the same legal questions. In the petition it was alleged Hathorn was appointed secretary of waterworks April 21, 1927, for a term of two years, and within that term collected $3,549.90 which he failed to turn over to the city treasurer. It was also alleged that he was again appointed secretary of waterworks April 15, 1931, for a term of two years, and within that term collected $2,543.54 which he failed to turn over to the city treasurer. During each of these terms of office the Fidelity & Deposit Company of Maryland was the surety on his bond. The action was filed May 12, 1934. Accompanying the petition and made a part of it by reference was an accountant's report setting out in detail the items alleged to have been collected, and the respective dates collected, which he failed to turn over to the city treasurer. Defendants moved to strike from the petition all of the items shown by the petition and the accountant's report to have been collected prior to May 12, 1931, their contention being that as to such items the action was barred by the three-year statute of limitations. This motion was tantamount to a demurrer respecting such items and was so treated by the parties and the trial court. The court sustained this motion. Plaintiff has appealed and

contends that because of the allegations of fraudulent nonpayment and fraudulent concealment the action should be treated as one founded on fraud, which fraud, it is alleged, was not discovered until within two years of the filing of the petition. There is no necessity to repeat what we have said in the case just decided. The legal question is governed by that decision and authorities cited therein.

The judgment of the trial court is affirmed.